**SECRETARY PEN CO., Inc., et al. v. EVERLAST PEN CORP.**

No. 142, Docket 21855.

United States Court of Appeals Second Circuit.

Argued Jan. 4, 1951.

Decided Jan. 29, 1951.

Rudolf Callmann, Greene, Pineles & Durr, New York City, for plaintiffs-appellants. Orville N. Greene, New York City, and Joseph Y. Houghton, Washington, D. C., of counsel.

Nichol M. Sandoe, New York City, for defendant-appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complaint alleges as a first cause of action that the plaintiff Wuestman is the inventor of an advertising pencil for which U. S. Letters Patent No. 2,264,194 were issued to him on November 25, 1941; that thereafter he granted an exclusive license to manufacture, use and sell his invention to the plaintiff Secretary Pen Company, and that the defendant Everlast Pen Corp. has infringed the patent by making and selling advertising pencils covered by Claims 5, 6 and 7 thereof. The complaint prays for the usual injunction and accounting. The defendant moved for a summary judgment in its favor under Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A., dismissing the first cause of action on the ground that defendant's pencils did not infringe the patent. It based this motion on a copy of the patent, the file wrapper and a stipulation agreeing that certain pencils were representative of those manufactured by defendant and alleged to infringe the claims.

The defense is non-infringement based on file wrapper estoppel. The defendant asserts that the patentee so limited his claims in the prosecution of his application in the Patent Office as not to cover the defendant's pencils. The three claims involved are set forth in the margin.[1] The judge dismissed all of them on the ground that the defendant's pencils did not infringe because they involved no sliding contact between the movable advertising element and the stationary one.

In respect to Claim 5, the defendant says that the sleeve in his pencil is not "slidably related" to the fixed element in the center

1. 5. In a device of the kind described, a transparent chambered section having closed ends, a transparent liquid filling said chambered section, a stationary advertising element and a movable advertising element within said chambered section, said movable advertising element being slidably related to said stationary advertising element and adapted to move by gravity between the ends of said chambered section through the liquid contained therein and relative to said stationary advertising element.

6. In a device of the kind described, a transparent chambered section having closed ends, a transparent liquid filling said chambered section, an advertising element submerged in said liquid but adapted to move under gravity endwise there-through between the ends of said chambered section, and means within said chambered section to guide such endwise movement of said advertising element.

7. In a device of the kind described, a transparent chambered section having closed ends, a transparent liquid filling said section interior, a fixed guide means extending axially of said section interior, a movable advertising means guided by said guide means and adapted to move by gravity between the ends of said section interior through the liquid contained therein, said guide means bearing advertising display, said movable advertising means and said advertising display of said guide means being visible through said liquid and the transparent walls of said section.

of the pencil because it is only guided by the interior wall of the cylindrical chamber and does not touch the central element at any point. We do not agree. It is true that this claim, prior to its last amendment, required the movable element "to move by gravity between the ends of said chambered section * * * and relative to" the stationary element. This might have been accomplished without sliding on anything, since any movement of the movable element would be "relative to" the fixed element so long as it was within the same chamber. That this was the meaning of the words "relative to" as the claim stood prior to its last amendment is apparent from its history. Originally Wuestman had claimed only a transparent chamber filled with a transparent liquid and a "carrier means within said section interior adapted to move by gravity from end to end thereof through the liquid contained therein, and said carrier means bearing an advertising display * * *" As to this formulation of the claim the Examiner had ruled: "rejected on Neal in view of Fitch. The element c of the latter constitutes a carrier means and its indicia is the full equivalent of an advertising display. There would be no invention in placing the label c of Fitch in the liquid container of Neal." [The Neal patent disclosed a transparent sealed capsule enclosed in a pencil and filled with liquid. Fitch disclosed a transparent package serving as a means of displaying and preserving minute articles of merchandise contained therein; an identifying slip, labelled "c," was "inclosed loosely with said article."] Wuestman then substituted a new claim which added the requirement of a stationary advertising element; the movable element was described as moving "relative" to the stationary one. This, too, was rejected, again on the references to Fitch and Neal, the Examiner explaining that it was merely "aggregative, there being no combination or coaction established between the movable and stationary advertising means." In other words, the Examiner seemed to be saying: you have simply added a stationary advertising element to Fitch's free-floating label and that is not an invention in and of itself. Upon that ruling the claim was again amended into its final form so as to describe the movable element as being "slidably related" to the fixed element. We do not see that this amounted to anything more than a disclaimer of the free-floating qualities of Fitch's label, and cannot agree that the claim as amended, in the light of its history, so clearly requires the moving element to slide upon the fixed one as to justify granting summary judgment for defendant on the ground of file wrapper estoppel. Claim 5, as thus amended, is capable of only specifying a sleeve that is "slidably related to" and not one necessarily sliding on or along the fixed element. As it stands it might be met by a sleeve that slides either on the fixed element or on anything else within the tube as—in defendant's structure—on the inner walls of the chamber.

It may be noted in further support of the plaintiffs' construction of Claim 5, that Claim 7 expressly requires the movable element to be "guided by" the fixed element. This would indicate that Claim 5 is not limited on its face to a sliding contact between the two elements but is broader, as the plaintiffs contend. "When * * * interpreting a series of claims, a limitation not present in one must not be implied, when the same limitation appears in later claims in the series." See opinion of L. Hand, J., in Western States Mach. Co. v. S. S. Hepworth Co., 2 Cir., 147 F.2d 345, 350. We decide here only the effect of the bare language of the patent and file wrapper history. We do not, and cannot, decide the effect of any additional evidence which may be introduced at the trial.

Claim 6 obviously is not infringed by the defendant's pencils. It calls for a "means *within said chambered section* to guide such endwise movement of said advertising element." The italicized words were added after the Examiner had rejected the claim because "the wall of the Neal container would guide the movement of any object within the container." The walls are not objects "within" the container and the result of this amendment was, in effect, a disclaimer as to defendant's pencils. I. T. S. Rubber Co. v. Essex Rubber

Co., 272 U.S. 429, 444, 45 S.Ct. 136, 71 L. Ed. 335. It is not even contended that Claim 7 has been infringed, nor, in the light of its language, could it be.

For the foregoing reasons, the decree of the court below dismissing Claims 5, 6 and 7 is affirmed as to the dismissal of Claims 6 and 7, but reversed and remanded for trial as to Claim 5; no costs.